**Robert Allen McNEIL–EL, Appellant**

v.

**David DIGUGLIELMO, Supt. of Graterford; Michael A. Lorenzo, Deputy Supt. for Internal Security; Soto, C.O.; White, C.O.**

No. 07–2763.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 8, 2007.

Filed: April 1, 2008.

---

Robert A. McNeil–El, Graterford SCI, Graterford, PA, pro se.

Claudia M. Tesoro, Office of Attorney General of Pennsylvania, Philadelphia, PA, for David Diguglielmo, Michael A. Lorenzo, and Soto, C.O.

Before: BARRY, CHAGARES and ROTH, Circuit Judges.

## OPINION

PER CURIAM.

Robert Allen McNeil–El, a Pennsylvania state prisoner proceeding pro se, appeals from the District Court's order dismissing his complaint. For the reasons set forth below, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

McNeil–El is, and at all relevant times was, incarcerated at the State Correctional Institute at Graterford, Pennsylvania ("SCI–Graterford"). On August 4, 2005, prison officials searched McNeil–El's cell as part of an investigation into prisoner filings under the Uniform Commercial Code ("UCC"). During the search, officers confiscated certain UCC-related material as well as several documents pertaining to McNeil–El's petition for writ of habeas corpus, McNeil–El v. DiGuglielmo, (E.D.Pa.Civ. No. 05–cv–1828). At that time, the habeas petition was pending before this Court for a determination on McNeil–El's request for a certificate of appealability.

In February 2006, McNeil–El filed a complaint under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania against several individuals employed by the Pennsylvania Department of Corrections.[1] In the

---

1. McNeil–El's original complaint named as defendants: David DiGuglielmo, Superintendent of SCI–Graterford; Deputy Superintendent Michael Lorenzo; and Corrections Officers White, Soto, Beard, Williamson, Fairall, Buzzar, Field, Ulisny and Vaughn. However, McNeil–El subsequently filed an amended complaint naming only DiGuglielmo, Lorenzo, Soto and White. Accordingly, the District Court dismissed the previously-named defendants from the suit.

complaint, McNeil–El alleged that the prison's seizure of his legal materials violated his rights under the First, Fourth, Eighth and Fourteenth Amendments. McNeil–El also filed a motion requesting that the District Court appoint counsel.

On February 20, 2007, the defendants moved the District Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended complaint on various grounds. By order entered May 31, 2007, 2007 WL 1575006, the District Court dismissed the amended complaint for failure to state a claim under 42 U.S.C. § 1983 for deprivation of a constitutional right. The District Court also denied McNeil–El's motion for counsel. The present appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because McNeil–El is proceeding in forma pauperis, we must review this appeal to determine whether it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). We dismiss an appeal if it "lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). This Court's review of a district court's dismissal under Rule 12(b)(6) is plenary. *See Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). We agree with the District Court that McNeil–El failed to state a claim upon which relief could be granted under 42 U.S.C. § 1983

as to any of the alleged constitutional violations.[2]

■ First, McNeil–El's allegations are insufficient to support his claim that the seizure of legal materials deprived him of access to the courts in violation of the First Amendment. In order to succeed on such a claim, McNeil–El must demonstrate that he was actually injured as a result of the seizure. *See Lewis v. Casey,* 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Actual injury can be demonstrated by alleging that the defendants' actions resulted in the "loss or rejection of a legal claim." *Oliver v. Fauver,* 118 F.3d 175, 177 (3d Cir.1997). Here, McNeil–El alleged that he was "actually injured by the defendants acts because he [could] not research or prosecute what [was] deemed a meritable appeal." (Am. Compl., at ¶ 14). Upon review of the appellate record, however, it does not appear that his appeal was in any way impacted by the seizure. First, McNeil–El had already timely appealed the District Court's ruling, and filed his appellate brief, before the documents were seized. Furthermore, the docket indicates that despite his inaccess to the subject documents, McNeil–El was able to file a petition for rehearing in this Court.[3] Accordingly, it appears that McNeil–El enjoyed thorough use of the appeals process. Therefore, the District Court correctly concluded that McNeil–El's allegations fell short of demonstrating actual injury, *see Oliver,* 118 F.3d at 177, and that he there-

---

2. Although the defendants argued in their motion to dismiss that McNeil–El failed to exhaust his administrative remedies, the District Court chose to dismiss McNeil–El's claims without resolving the issue of exhaustion. *See* 42 U.S.C. § 1997e(c)(2); *Nyhuis v. Reno,* 204 F.3d 65, 69 n. 4 (3d Cir.2000) (stating that exhaustion under the PLRA is not a jurisdictional requirement).

3. On January 5, 2006, McNeil–El filed a "Motion to Stay All Proceedings with cause," in

which he claimed that he could not pursue his appeal until prison officials returned the documents relating to his appeal. Given that we subsequently denied McNeil–El's request for a certificate of appealability, we denied the motion as moot. McNeil–El then filed a motion for extension of time to file a petition for rehearing, which we granted. On May 5, 2006, McNeil–El filed his petition for rehearing, which did not mention the missing documents. We denied the petition for rehearing on May 18, 2006.

fore failed to state a claim for being denied access to the courts.

■ We also agree with the District Court's thorough discussion of the remaining constitutional claims. First, McNeil–El's allegations do not state a claim under the Fourth Amendment, as it is well established that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer,* 468 U.S. 517, 526, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Nor do his allegations state a claim under the Eighth Amendment, which prohibits prison officials from acting with "deliberate indifference" towards a "substantial risk of serious harm to an inmate." *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As the District Court explained, McNeil–El did not state an Eighth Amendment claim because he did not allege that his health or safety was in any way jeopardized due to the prison's seizure of his legal materials. McNeil–El likewise failed to state a Fourteenth Amendment due process claim based on the deprivation of his personal property because a prison grievance procedure was available to him and provided an adequate post-deprivation remedy. *See Hudson,* 468 U.S. at 533, 104 S.Ct. 3194 (1984).

Finally, given the District Court's conclusion that McNeil–El failed to state a claim under 42 U.S.C. § 1983, the court did not abuse its discretion in denying the motion for appointment of counsel. *See Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir. 1993) (stating that the threshold issue in deciding whether to appoint counsel is whether the claim has arguable merit in fact and law).[4]

Accordingly, we will dismiss this appeal under 28 U.S.C. § 1915(e)(2)(B).

---

4. McNeil–El's amended complaint includes claims for negligence under Pennsylvania state law. It appears that the District Court, in light of its dismissal of McNeil–El's federal claims, declined to exercise supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3).